



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 20, 2020**

*Mark X. Mullin*

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FT. WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11 cases** |
| | ) | |
| **AMERICAN WORKERS INSURANCE SERVICES, INC.,** *et al.* | ) ) | **Case No. 19-44208-mxm-11** |
| | ) | **Case No. 19-44209-mxm-11** |
| Debtors. | ) | |
| | ) | |
| | ) | **(Jointly Administered)** |
| | ) | |

### AMENDED AGREED GENERAL PROTECTIVE ORDER AND
### QUALIFIED HIPAA PROTECTIVE ORDER

Discovery in this action is likely to involve production of confidential, personal, proprietary, trade secrets or other private information for which special protection from public disclosure and from use for any purpose other than pursuing claims and contested matters related to these Chapter 11 cases. The Debtors and Insurety Capital, LLC (together, the "Parties" or individually a "Party") are willing to provide this information to each other for inspection and review under a protective order governing Confidential Information (as defined herein), and commanding the treatment of such information according to the terms and conditions stated below. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following general and qualified protective order

("Order"). By entering this Order, the Court is not ordering that any confidential and/or proprietary information that is sought by any Party in their requests for production and inspection is, or is not, subject to the disclosure and discovery process.

Discovery in the above-captioned Chapter 11 cases shall be governed by the terms of this Order pursuant to Federal Rule of Civil Procedure 26(c)(1), made applicable to these proceedings by Bankruptcy Rules 9014 and 7026.

## I.      GENERAL PROTECTIVE ORDER

### 1.      Confidential Information

"Confidential Information" means any information of any type, kind, or character that is designated as "Confidential" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

### 2.      Qualified Persons

"Qualified Person" means:

a.      Any Party, either as a natural person or, if an entity, such officers or employees of the Party who are actively involved in these Chapter 11 cases;

b.      retained counsel for the Parties and their respective staff;

c.      actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with these Chapter 11 cases, prior to any disclosure of Confidential Information to such person, have signed a Confidentiality Agreement in the form attached as **Exhibit A** agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person);

d.      litigation vendors, court reporters, and other litigation support personnel;

2

  e.  any person who was an author, addressee, or intended or authorized recipient of the Confidential Information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential Information but not retain a copy; and

  f.  such other person as this Court may designate.

**3.  Designation of Confidential Information**

  Any Party shall have the right to identify and designate as "Confidential" any documents or testimony that:

  a.  the designating Party produces or provides pursuant to a discovery request or subpoena in these Chapter 11 cases; *and*

  b.  is not public or is not already in the possession, custody or control of the other Party; *and*

  c.  the designating Party reasonably and in good faith believes contains trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this Protective Order, may subject the producing or disclosing Party to competitive or financial injury or potential legal liability to third Parties.

  Information contained in correspondence and other communications between the Parties or with non-Parties may be designated as Confidential Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

  The Parties shall designate documents as "Confidential" within 15 days of production.  The Parties shall have 15 days after the date of the receipt of the deposition transcript (during which period, the entire transcript must be treated as "Confidential") to designate portions of the transcript and exhibits as "Confidential."  However, any Party that inadvertently fails to designate or mis-

designates any document, testimony or other material pursuant to this Protective Order may make a designation or a correction of the initial designation at any time.

### 4.     Marking of Documents and Electronically Stored Information

Documents provided in these Chapter 11 cases may be designated by the producing Party or by any Party as Confidential Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential."  In lieu of marking the original of a document, if the original is not provided, the designating Party may mark the copies that are provided.  Originals shall be preserved for inspection.  With regard to the production of any Electronically Stored Information ("ESI"), a Party may designate any portion of the ESI as "Confidential" by advising the receiving Party or Parties as to which specific portion(s) of the ESI constitutes Confidential Information within 15 days of the production of the ESI; *provided, however*, that any Party that inadvertently fails to designate or mis-designates any ESI may make a designation or correction of the initial designation at any time.  Wherever possible, PDF versions of any ESI data should be produced designating all or any portion thereof as "Confidential."

### 5.     Challenging the Designation

a.     *Confidential Information*.  A receiving Party may challenge a producing Party's designation at any time. Any receiving Party disagreeing with a designation may request in writing that the producing Party change the designation. The producing Party will then have fourteen (14) days after receipt of a challenge notice to advise the receiving Party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) business day time frame, the receiving Party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the Confidential treatment required by this Protective Order.

4

b.    *Qualified Persons*.  If any Party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Confidential Information to such person, the Parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting Party shall have 14 days from the date of the designation or, in the event particular Confidential Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the Court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Confidential Information.  The objecting Party shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting Party to the risk of serious harm.  Upon the timely filing of such a motion, no disclosure of Confidential Information shall be made to the disputed person unless and until the Court enters an order preserving the designation.

## 6.    Unintentional Disclosures

Documents unintentionally produced without designation as Confidential Information later may be designated and shall be treated as Confidential Information from the date written notice of the designation is provided to the receiving Party.

If a receiving Party learns of any unauthorized disclosure of Confidential Information, the Party shall immediately upon learning of such disclosure inform the producing Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

If a Party inadvertently or unintentionally produces documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the

5

attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain

the return and/or destruction of such documents, information or other material by promptly notifying

the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced

documents, information or other material.  The recipient(s) shall immediately gather and return all

copies (including those provided to a consultant or expert) of such documents, information or other

material to the producing Party, or the recipient(s) shall certify in writing to the producing Party that

all copies of such documents, information or other material have been destroyed.

**7.      Treatment of Confidential Information**

All Confidential Information provided by any Party or non-Party in the course of these

Chapter 11 cases shall be used solely for the purpose of preparation, trial, and appeal of any

proceeding in these Chapter 11 cases, any adversary proceeding related thereto, any action arising

out of or relating to these Chapter 11 cases, and, upon lifting of any automatic stay, any action

stayed by these Chapter 11 cases.  Unless the Court rules otherwise, documents and/or testimony

properly identified as Confidential shall not be disclosed to any person other than Qualified Persons.

Information designated as Confidential Information may only be used for purposes of the prosecution

or defense of any issues in the above-captioned Chapter 11 cases or any adversary proceeding filed

in the above-captioned Chapter 11 cases, and shall not be used for any competitive business,

commercial, personal, or other purpose.  Notwithstanding the foregoing, this Protective Order shall

not prevent the Parties from disclosing Confidential Information that is not "protected health

information" (as defined below) to their respective accountants, actuaries, auditors, insurers,

reinsurers, or regulators, as required for tax, financial reporting, regulatory, governmental or other

compliance purposes.

**8.      Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall

be treated as Confidential during inspection.   At the time of copying for the receiving Party,

Confidential Information shall be marked prominently "Confidential" by the producing Party.

**9.      Consent to Disclosure and Use in Examination**

Nothing in this Order shall prevent disclosure beyond the terms of this Order if each Party

designating the information as Confidential Information consents to such disclosure or if the Court,

after notice to the Parties and affected non-Parties, orders such disclosure.  Nor shall anything in this

Order prevent any counsel of record from utilizing Confidential Information in the examination or

cross-examination of any person who is indicated on the document as being an author, source, or

recipient of the Confidential Information, irrespective of which Party produced such information.

**10.      Filing Under Seal**

If any Party wishes to submit Confidential Information to the Court, the submission must be

filed using the *Sealed* and/or *Ex Parte Motion* event. The word "*Sealed"* must appear in the title or

caption of any document intended for filing under seal (and any proposed order you believe should

be filed under seal if entered by the judge).

Producing or receiving Confidential Information, or otherwise complying with the terms of

this Order, will not (a) operate as an admission by any Party that any particular Confidential

Information contains or reflects trade secrets or any other type of confidential or proprietary

information; (b) prejudice the rights of a Party to object to the production of information or material

that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party

to seek a determination by the presiding judge that particular materials be produced; (d) prejudice

the rights of a Party to apply to the presiding judge for further protective orders; or (e) prevent the

Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Order with respect to any particular information or material.

### 11.    Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of these Chapter 11 cases, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a Party may seek the written permission of the producing Party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 12.    Modification and Exceptions

The Parties may, by stipulation, provide for exceptions to this Order and any Party may seek an order of this Court modifying this Protective Order.

### 13.    Other Creditors or non-Parties

Other creditors of Debtors or non-Parties subject to discovery via subpoena or otherwise in these Chapter 11 cases may agree to be governed by the terms or conditions of this Protective Order by signing the form attached as **Exhibit B** and providing a signed copy thereof via email to counsel for the Debtors and Insurety at the email addresses below. Any such creditor or non-Party that signs Exhibit B shall have the same protections, duties, and obligations as a Party under this Protective Order.

## II.    <u>QUALIFIED HIPAA PROTECTIVE ORDER</u>

1.    Paragraphs 1 through 12 above are incorporated by reference and apply with equal force to the provisions of the Qualified HIPAA Protective Order reflected below.

2.    The Parties and their attorneys of record are authorized to receive and transmit "protected health information" pertaining to the insurance policies marketed by American Workers

8

Insurance Services, Inc. and any of its affiliates, including but not limited to its producers, to the extent and subject to the conditions outlined herein.  Although the Parties expect that most if not all information that will be subject to discovery in these Chapter 11 proceedings will not be or contain protected health information, this Qualified HIPAA Protective Order is entered in these Chapter 11 proceedings for the avoidance of any doubts regarding produced information.  Furthermore, the foregoing authorization to receive and transmit "protected health information" does not (a) operate as an admission by any Party that any Confidential Information contains or reflects "protected health information" or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of "protected health information" or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the presiding judge that particular "protected health information" be produced; (d) prejudice the rights of a Party to apply to the presiding judge for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Order with respect to any particular information or material.

3.      For the purposes of this Order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501.  Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

4.      All "covered entities" and any "business associates" of covered entities (as those terms are defined by 45 C.F.R. § 160.103) are hereby authorized but not directed to disclose protected health information pertaining to AWIS policyholders to attorneys representing Insurety Capital LLC and Debtors in the above-captioned Chapter 11 cases.  Notwithstanding anything to the contrary

herein, the Parties agree that any "protected health information" produced pursuant to this Order is "Confidential Information" whether or not such protected health information has been marked as Confidential by the producing Party.

5.　　Subject to the terms of this Order, the Parties and their attorneys shall be permitted to use or disclose the "protected health information" of any policyholder holding an insurance or benefits policy marketed by the producers of American Workers Insurance Services, Inc. ("AWIS policyholders") for purposes of prosecuting or defending any contested matter in these Chapter 11 cases (including adversary proceedings, any appeals, any matter arising out of or relating to these Chapter 11 cases, and upon the lifting of any stay, any action stayed by these Chapter 11 cases). This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

6.　　Prior to disclosing any AWIS policyholder's "protected health information" to persons involved in these Chapter 11 cases, counsel shall inform in writing to each such person that AWIS policyholders' "protected health information" may not be used or disclosed for any purpose other than these Chapter 11 cases (including adversary proceedings, any appeals, any matter arising out of or relating to these Chapter 11 cases, and upon the lifting of any stay, any action stayed by these Chapter 11 cases) and shall not be used for any business, commercial, competitive, personal or other purpose.  Counsel shall take all reasonable steps to ensure that persons receiving AWIS policyholders' "protected health information" or other Confidential Information do not use or disclose such information for any purpose other than these Chapter 11 cases (including adversary proceedings, any appeals, any matter arising out of or relating to these Chapter 11 cases, and upon the lifting of any stay, any action stayed by these Chapter 11 cases).

7.     Within 45 days after the conclusion of these Chapter 11 cases including appeals, the Parties, their attorneys, and any person or entity in possession of "protected health information" received from counsel pursuant to paragraph four of this Order, shall return AWIS policyholders' "protected health information" to AWIS  or destroy any and all copies of protected health information pertaining to AWIS policyholders, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

8.     This Order does not control or limit the use of protected health information pertaining to AWIS policyholders that comes into the possession of the Parties or their attorneys from a source other than a "covered entity" or "business associate" as these terms are defined in 45 C.F.R. § 160.103.

9.     Nothing in this Order authorizes counsel for Insurety Capital LLC to obtain "protected health information" through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.  For the avoidance of doubt, this paragraph does not limit Insurety Capital LLC's ability to otherwise obtain information that is not "protected health information" regarding insurance policies.

10.    This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the Parties seek to file AWIS policyholders' "protected health information" under seal.

11.    It is the Parties' intent and the intent of the Court that this Order provide for the orderly receipt and transmission of "protected health information" in compliance with all requirements of HIPAA so as to allow for the orderly administration of the Debtors' bankruptcy estates in compliance with both the Bankruptcy Code and HIPAA.

### END OF ORDER ###

**AGREED AS TO FORM AND SUBSTANCE:**

/s/ J. Robert Forshey
J. Robert Forshey
State Bar No. 07264200
Laurie Dahl Rea
State Bar No. 00796150
FORSHEY & PROSTOK, LLP
777 Main Street, Suite 1290
Fort Worth, TX 76102
Telephone:  (817) 877-8855
Fax: (817) 877-4151
Email: bforshey@forsheyprostok.com
Email: lrea@forsheyprostok.com
***Counsel for the Debtors and***
***Debtors in Possession***

/s/ Robert S. Harrell
Robert S. Harrell
State Bar No. 09041350
Andrew Elkhoury
State Bar No. 24097648
MAYER BROWN LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002
Telephone:  (713) 238-2700
Fax:  (713) 238-4888
Email: RHarrell@mayerbrown.com
Email: AElkhoury@mayerbrown.com
***Co-Counsel for Insurety Capital, LLC***

/s/ Ian T. Peck
Ian T. Peck
State Bar No. 24013306
Jarom J. Yates
State Bar No. 24071134
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone:  (214) 651-5000
Fax:  (214) 651-5940
Email: ian.peck@haynesboone.com
Email: jarom.yates@haynesboone.com
***Co-Counsel for Insurety Capital, LLC***

## Exhibit A

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FT. WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 cases |
| | ) | |
| **AMERICAN WORKERS INSURANCE** | ) | **Case No. 19-44208-mxm-11** |
| **SERVICES, INC.,** *et al.* | ) | |
| | ) | **Case No. 19-44209-mxm-11** |
| Debtors. | ) | |
| | ) | |
| | ) | **(Jointly Administered)** |

### CONFIDENTIALITY AGREEMENT FOR EXPERT OR
### CONSULTANT OF ANY PARTY

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," as defined in the Agreed Protective Order and Qualified HIPAA Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of the Bankruptcy Court for enforcement of the Protective Order.

I agree to use any Confidential Information disclosed to me pursuant to the Protective Order solely for purposes of the prosecution or defense of any issues in the above-captioned bankruptcy case and any adversary proceeding filed in the bankruptcy case, and not for any business, commercial, competitive, personal, or other purpose. I further agree not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of

the presiding judge. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Printed Name

_____
Date

**Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11 cases** |
| | ) | |
| **AMERICAN WORKERS INSURANCE** | ) | **Case No. 19-44208-mxm-11** |
| **SERVICES, INC.,** *et al.* | ) | |
| | ) | **Case No. 19-44209-mxm-11** |
| **Debtors.** | ) | |
| | ) | |
| | ) | **(Jointly Administered)** |
| | ) | |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," as defined in the Agreed Protective Order and Qualified HIPAA Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of the Bankruptcy Court for enforcement of the Protective Order.

I agree to use any Confidential Information disclosed to me pursuant to the Protective Order solely for purposes of the prosecution or defense of any issues in the above-captioned bankruptcy case and any adversary proceeding filed in the bankruptcy case, and not for any business, commercial, competitive, personal, or other purpose. I further agree not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of

the presiding judge. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Printed Name

_____
Date